# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

AMERICAN INSTITUTE FOR       :
HISTORY EDUCATION, LLC       :
                             : Civil Action No. 10-2607 (RMB/KMW)
        Plaintiff,           :
                             :
        v.                   :       **OPINION**
                             :
E-LEARNING SYSTEMS           :
INTERNATIONAL LLC,           :
et al,                       :
                             :
        Defendants.          :

APPEARANCES:

Adam E. Gersh, Esquire
Jeffrey A. Cohen, Esquire
Flaster/Greenberg PC
1810 Chapel Avenue West
Cherry Hill, New Jersey 08002
856-661-1900
    Plaintiff's Counsel

Paul V. Fernicola, Esquire
Paul V. Fernicola & Associates, LLC
219 Broad Street
Red Bank, New Jersey 07701
(732) 345-0600
    Defendants' counsel

**Bumb, United States District Judge:**

This matter comes before the Court upon the motion by Defendants E-Learning Systems International, LLC ("ESI") and Mary Ashmore (collectively the "Defendants") to dismiss, stay, or transfer this matter to the Northern District of Texas where a related matter is pending. For the reasons set forth herein, the

motion to transfer is GRANTED.

**Statement of Facts**

On September 8, 2009, Defendant ESI filed a petition and application for injunctive relief against Robert Brown (an employee of Plaintiff American Institute for History Education ("AIHE")) in the 134th Judicial District Court in Dallas County, Texas.  On September 10, 2009, ESI filed an amended original petition and an application for a temporary restraining order for injunctive relief, which the Court granted against Brown.  On September 22, 2009, Brown removed the case to the United States District Court for the Northern District of Texas.  On March 23, 2010, ESI filed a second amended complaint adding AIHE as a defendant ("Def's. Complaint").  AIHE was served with the second amended complaint on April 19, 2010.  On May 6, 2010, ESI filed a third amended complaint.

On April 1, 2010, AIHE filed the within Complaint ("Pltf.'s Complaint") against ESI and Mary Ashmore (ESI's president) in the Superior Court of New Jersey, Gloucester County.  On May 20, 2010, defendants ESI and Mary Ashmore removed the matter to this Court.  The within motion followed.

AIHE offers history education products and services for schools.  ESI provides online educational tools for institutions of learning, organizations with an educational mandate, and individual learners.  Both AIHE and ESI compete for Teaching

American History ("TAH") grants, which offer funds to public schools to improve the quality of history instruction. AIHE and ESI have sued each other alleging, inter alia, tortious interference in their respective business relationships with various educational agencies and school districts with respect to the funded TAH grants.

**Legal Analysis**

Both Defendants move to dismiss this case under the "first-filed rule." Defendant Ashmore also seeks dismissal on insufficiency of process and lack of personal jurisdiction. Alternatively, Defendants seek a transfer of this matter to the Northern District of Texas pursuant to 28 U.S.C. 1404(a). Because this Court holds that a § 1404(a) transfer is appropriate, the Court need not address the remaining motions.

Section 1404(a) of Title 28 of the United States Code provides that an action may be transferred "for the convenience of the parties and witnesses, in the interest of justice [to] . . . any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). The parties do not dispute that this action could have been filed in the Northern District of Texas.

The decision to transfer under § 1404(a) is entirely within the discretion of the district court and involves an individualized, fact-intensive consideration of all the relevant factors. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29

(1988). "A determination that transfer to another jurisdiction is appropriate represents an 'exercise[ ] of structured discretion by trial judges appraising the practical inconveniences posed to the litigants and the court should a particular action be litigated in one forum rather than another.'" Lawrence v. Xerox Corp., 56 F. Supp.2d 442, 450 (D.N.J. 1999)(internal citations omitted). The district court "is vested with a large discretion" to determine when transfer should be ordered "for the convenience of parties and witnesses, in the interest of justice." Solomon v. Continental Amer. Life. Ins., 472 F.2d 1043, 1045 (3d Cir. 1973).

Courts have identified factors falling into two categories, private interests and public interests, when deciding a transfer motion. The private interests include: (1) the plaintiff's forum preference; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent they may be unavailable for trial in one of the fora; and (6) the location of books and records. Danka Funding, LLC v. Page, Scranton, Sprouse, Tucker & Ford, P.C., 21 F.Supp. 2d 465, 474 (3d Cir. 1995). The public interests include: (1) the enforceability of the judgment; (2) practical considerations in making the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the

two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  Id.

Here, the private and public interests weigh in favor of transferring the case to the Northern District of Texas. Although a plaintiff's choice of forum is typically given great deference, see Piper Aircraft Co. V. Reyno, 545 U.S. 235 (1981), it warrants less consideration given the facts of this case. Plaintiff AIHE filed the Complaint on April 1, 2010, at a time when it was aware of the pending Texas case.  Brown, a named defendant in that case, was an AIHE employee.  On March 23, 2010, the District Court in the Northern District of Texas granted ESI's motion (which had been pending since October 2009) to add AIHE as a defendant.  Moreover, it appears that ESI filed its seconded amended complaint adding AIHE as a co-defendant only after efforts by Defendants Brown and AIHE to mediate the Texas case had failed.[1]

As for the convenience of the parties and the witnesses, this factor also weighs in favor of a transfer.[2]  Although AIHE

---

[1] ESI alleges in its papers that AIHE had attempted to mediate the Texas case.  AIHE does not dispute this assertion.

[2] Defendants also allege that this Court lacks personal jurisdiction over Defendant Ashmore.  This Court need not decide this issue because it finds that a transfer is warranted.

has attempted to distinguish this case from ESI's case, a fair reading of both complaints reveals a substantial overlap of the facts and allegations. AIHE's claims do not relate solely to ESI's misconduct occurring in 2006, as AIHE alleges, but rather, to continuing misconduct. As the Complaint alleges, at paragraph 33, "ESI continues to misrepresent its relationship with AIHE to third parties in order to trade on AIHE's favorable market position for its own financial gain." (Pl's Complt, ¶ 33. Similarly, ESI's third amended complaint filed in the Texas action alleges that AIHE and Brown "contact[ed] [ESI's unidentified] customers and prospective customers. . . making false and misleading claims of exclusive ownership in the historical thinking skills module in order to induce these customers to terminate their business relationship with [ESI]." (Def's Third Am. Complt ¶ 18).

Nor do AIHE's claims pertain solely to New Jersey schools. As Plaintiff's Complaint alleges, AIHE prepared a number of grant applications for schools in New Jersey, Alabama and Pennsylvania. (Pl.'s Compl. ¶ 18). ESI's third amended complaint is equally broad in terms of AIHE's misconduct. Although the complaint specifies a Moorestown, New Jersey, grant that it lost allegedly because of AIHE's tortious interference, ESI's complaint also alleges the loss of a project in South Carolina (Def's Third Am. Compl. ¶ 19).

AIHE also attempts to distinguish the Texas and New Jersey cases on the grounds that ESI's complaint involves only the Historical Thinking Skills workshop. Even so, this argument ignores the relevance of the parties' relationship and course of dealings beyond just this workshop, which will clearly be relevant to both lawsuits. In sum, a fair reading of both complaints reveals a picture of two entities whose disputes span a number of years and states.

Courts in this Circuit have frequently held that the pendency of a related or similar case in another forum is a powerful reason to grant a motion for a change of venue. See CIBC World Markets, Inc. v. Deutsche Bank Securities, Inc., 309 F. Supp. 2d 637, 651 (D.N.J. 2004) (transferring case to Minnesota court where several similar cases had been brought by other securities broker-dealers who had allegedly been defrauded by the same scheme and same defendants) (citing Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 453-55 (D.N.J. 1999); Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473, 487 (D.N.J. 1993); A.T. & T. v. MCI, 736 F. Supp. 1294, 1307-1308 (D.N.J. 1990); Todd Shipyards Corp. v. Cunard Line Ltd., 708 F. Supp. 1440 (D.N.J., 1989)); Supco Automotive Parts, Inc. v. Triangle Auto Spring Co., 538 F. Supp. 1187, 1192 (E.D. Pa., 1982) ("It is well-settled in this district that the pendency of a related case in the proposed transferee forum is a powerful reason to grant a motion for a

change of venue."). Transferring a case when related lawsuits are pending elsewhere, "serves not only private interests but also the interests of justice because it eliminates the possibility of inconsistent results and conserves judicial resources." CIBC World Markets, 309 F. Supp. 2d at 651 (citing Crackau v. Lucent Techn., No. 03-cv-1376, 2003 WL 22927231, at *7 (D.N.J. Nov. 24, 2003); Lawrence, 56 F. Supp. 2d at 454); Prudential Ins. Co. of Am. v. Rodano, 493 F. Supp. 954 (E.D. Pa. 1980) ("The interests of justice and the convenience of the parties and witnesses are ill served when federal cases arising out of the same circumstances and dealing with the same issues are allowed to proceed separately."). Specifically, such a transfer allows for pretrial discovery to be conducted more efficiently, saves witnesses time and money, both with respect to pretrial and trial proceedings, avoids duplicative litigation, thereby eliminating unnecessary expense to the parties, and at the same time serves the public interest and avoids inconsistent results. Supco Automotive Parts, 538 F. Supp. at 1192.

Thus, considerations of judicial efficiency, convenience and expense warrant a transfer. Clearly, the parties' relationship/association will be the subject of much discovery. The parties' relationships with various educational agencies and school districts the TAH grants from the U.S. Department of Education's Office of Innovation and Improvement will also

involve significant discovery.  This discovery, certain to involve jurisdictions and school districts beyond both New Jersey and Texas, as evidenced by the complaints, will be extensive.  As such, litigation in one forum, not two, is warranted.  The Court in the Northern District of Texas, having previously ruled on several motions, is familiar with the parties, and their claims and defenses.  It is therefore clear that litigation of this case will be more efficient and expeditious if transferred to the Northern District of Texas.

**Conclusion**

Accordingly, for the foregoing reasons, this Court concludes that Defendants have met their burden of proof that a transfer to the Northern District of Texas is warranted.  Consideration of the private and public interests weigh in favor of such transfer (for possible consolidation with the pending action, Civil No. 09-1764).  Accordingly, Defendants' motion to transfer is GRANTED.  Defendants' remaining motions are DISMISSED AS MOOT.  An accompanying Order will issue this date.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: November 16, 2010